UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-368 (5) (MJD/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tony Michael Meline (5), | |
| Defendant. | |

This matter is before the Court on Defendant Tony Michael Meline's Pretrial Motion for Severance (Dkt. 96).

This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On December 13, 2023, Defendant Tony Michael Meline and his five co-defendants were charged in Count 1 of the Indictment with Conspiracy to Distribute Methamphetamine, beginning approximately in the Fall of 2020 and continuing through November 7, 2023.  (Dkt. 1 at 1 (Count 1).)  Defendants were also charged with a number of individual counts related to the distribution of methamphetamine, and possession with intent to distribute methamphetamine, which occurred within the same timeframe.  (*Id.* at 1-5 (Counts 2-13).)  In addition to Count 1, Meline was charged in Count 4 regarding distribution of methamphetamine with co-defendant Darren Brown, on

or about February 21, 2023; and in Count 6 for Possession with the Intent to Distribute Methamphetamine, on or about April 13, 2023.  (*Id*. at 2-3 (Counts 4 and 6).)

Meline's Motion for Severance seeks an order granting him a severance from his co-defendants.  (Dkt. 96.)  The basis for this Motion is as follows:

1. The investigation of the co-defendant(s) involves specific facts and certain evidence to be offered at trial against the co-defendant(s); the admission of such evidence at a joint trial would cause confusion and prejudice and deprive Defendant of her [sic] right to a fair trial.

2. There is a conflict of interest between the defendants.

(*Id.*)

## II.  ANALYSIS

Rule 8 of the Federal Rules of Criminal Procedure states:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8.

"Where an indictment joins defendants as well as offenses, the propriety of the joinder of offenses is governed by Rule 8(b), rather than Rule 8(a)."  *United States v. Mann*, 701 F.3d 274, 289 (8th Cir. 2012) (citing *United States v. Jones*, 880 F.2d 55, 60–61 (8th Cir. 1989)).  The language of Rule 8(a) does not allow joinder on the same basis as 8(b), as the words "same or similar character" are omitted from 8(b). *Id.*  Therefore,

"[f]or offenses to be properly joined in an indictment that also joins defendants, the offenses must be part of 'the same series of acts or transactions.'" *Id.* "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." *Id.* (citation omitted); *see also United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998) (citation omitted) ("Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme.").

Here, Count 1 of the Indictment charges an unlawful conspiracy for the distribution of methamphetamine beginning in the fall of 2022 and continuing until November 2023. (Dkt. 1 at 1-2.) The remaining counts consist of substantive charges against one or more defendants—including Meline—for distribution or possession of methamphetamine with intent to distribute, identifying the particular dates on which the alleged transactions or possession occurred. (*Id.* at 2-5.) As noted above, the dates of the individual counts all occurred within the timeframe of the conspiracy count. Given that the conspiracy count is intertwined with the individual counts, the Court finds that the Indictment sufficiently alleges that the joined defendants and counts are factually interrelated relating to a common scheme—the distribution of methamphetamine. *See United States v. Sotelo-Valdovinos*, No. 14-CR-289 SRN/JSM, 2015 WL 2454048, at *3 (D. Minn. May 22, 2015) (finding joinder of the defendants accused of a narcotics distribution conspiracy, as well as individual charges related to the narcotics distribution, to be appropriate under Rule 8(b)).

Once offenses have been properly joined, the Court may order separate trials of the counts if joinder "appears to prejudice a defendant or the government. . . ." Fed. R. Civ. P. 14(a). However, the Eighth Circuit has held that it reads Rules 8 and 14 in favor of joinder, and the presumption against severing properly joined cases is strong. *See United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996) (citation omitted). Meline objects to a joint trial on the counts because he believes the jury will unfairly associate him with evidence from incidents that are unrelated to the conduct alleged against him. (*See* Dkt. 96.) However, "[s]everance is not required merely because evidence which is admissible only against some defendants may be damaging to others." *Id.* Indeed, risk of prejudice posed by joint trials is best cured by careful and thorough limiting instructions to the jury. *Id.* at 1144 (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Speculative allegations of prejudice do not amount to the "showing of real prejudice" required before severance is mandated. *See United States v. Finn*, 919 F. Supp. 1305, 1324 (D. Minn. 1995) (in denying motion to sever, court stated that "we have not been presented with any cogent showing that the evidence at trial will be so complex or confusing that . . . a jury will be disposed to cumulate the evidence against each defendant"); *see also United States v. Garrett*, 961 F.2d 743, 746 (8th Cir. 1992) (defendant "must make a showing of real prejudice by demonstrating that the jury was unable to compartmentalize the evidence. . . .") (marks and citation omitted).

Meline has only offered boilerplate statements of potential prejudice involving the jury confusing him with his co-defendants. Such conclusory statements that he will suffer prejudice are insufficient. Moreover, Meline has not shown that an appropriate

limiting instruction will not sufficiently alleviate the prejudice related to his co-defendants' actions.  *See United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004) (finding that any risk that a joint trial will prejudice the defendant could be "cured by careful and thorough jury instructions") (citations omitted).

Meline also makes a threadbare claim of a conflict of interest between him and his co-defendants.  Meline has not identified what that conflict entails, and the Court will not speculate on his behalf.  That said, depending on what evidence the Government seeks to introduce at trial, "[s]everance is a remedy that can be provided at the time of trial if appropriate under the circumstances." *United States v. Fasthorse*, No. 15CR165 (JRT/LIB), 2015 WL 10382347, at *5 (D. Minn. Nov. 19, 2015) (quoting *United State v. Billups*, No. 06-cr-129 (PJS/AJB), F. Supp. 2d 697, 706 (D. Minn. 2006), *R. & R. adopted*, 2016 WL 829903 (D. Minn. Mar. 1, 2016).

Therefore, Meline's motion to sever should be denied at this time.

## IV. RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**: Defendant Tony Michael Meline's Pretrial Motion for Severance (Dkt. 96) be **DENIED**.

DATED: August 2, 2024                          *s/Elizabeth Cowan Wright*
                                               ELIZABETH COWAN WRIGHT
                                               United States Magistrate Judge

## **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).